## MICHAEL ASH v. SAM. TUBB, GUARDIAN.

### No. 145.

**Guardianship — Claims Against, Authentication of.**— D. and wife had been removed from the guardianship for failure to give a new bond, as required. In their final account, filed thereafter, they reported a claim in favor of Ash as unpaid, and asked that their successor be required to pay it. It was known to them to be just, but not authenticated, and only the ordinary notices for the filing of the account were given, the County Court having entered its order requiring its payment by the last guardian. *Held*, that the claim had never been established against the estate of the minors in any manner required by law, that it was not such a claim as would come under article 2621, Revised Statutes, which authorizes payment of claims known by the guardian to be just, and that the order directing its payment was in no way binding on the estate.

APPEAL from Anderson. Tried below before Hon. F. A. WILLIAMS.

*Gregg & Reeves*, for appellant.—1. A guardian who has been discharged for failure to comply with an order requiring him to give a new bond may, after his discharge, present his final account to the court for settlement; and it is the duty of the court to exact it if the guardian fails to present it. The failure to cite his successor, the new guardian, if necessary at all, will not be fatal to the action of the court on the account;

and if the court in passing upon such account allow and establish a claim against the estate of the wards, made by such discharged guardian and known by him to be just, such allowance has the force and effect of a judgment, and can not be attacked, at least in a collateral proceeding. Rev. Stats., arts. 2649, 2613, 2618, 2619, 2621, 2682.

2. The conclusions of law and fact show that the account involved in this suit was made by Dixon and wife with appellants before their discharge, and known by them to be just. Hence Dixon and wife were themselves personally liable for it, or they might have reserved the amount out of the funds of the estate and turned over the balance to their successor, Tubbs. It would seem to follow, that Dixon and wife might turn over the whole estate to their successor, seek a settlement of their account with the court, and ask the establishment of the debt, and that the successor be required to pay it.

*Thomas B. Greenwood,* for appellee.—After a guardian has been removed, and another appointed and qualified as his successor, the removed guardian can not fix a liability against the estates of his former wards by any confession or admission made either in or out of court, for the reason that he no longer occupies such a fiduciary relation towards his former wards as will enable him to charge their estates with any debt. Rev. Stats., arts. 2614, 2619, 2620, 2627, 2632, 2641, 2648, 2649, 2477, 2036; Davis v. Harwood, 70 Texas, 71; Birdwell v. Kauffman, 25 Texas, 192.

GARRETT, CHIEF JUSTICE.—This is an appeal from the judgment of the District Court of Anderson County, rendered on an appeal from the County Court of said county in a proceeding to require the guardian of the minors Leura and Nora Dixon to pay certain claims which were alleged to have been established by judgment against the estate of said minors.

The proceeding was under article 2649 of the Revised Statutes. The County Court denied the application, and on trial in the District Court the same judgment was rendered.

As found by the court below, Dixon and wife were guardians of the minors who are now wards of Tubb. The guardianship was pending in the County Court of Anderson County. By that court Dixon and wife were required, at the January Term, 1888, to give a new bond. Failing to do this, they were removed at the January Term, 1888, and Tubb was appointed in their stead, and duly qualified at the April Term, 1888. Dixon and wife filed what they styled their account, which, among other things, stated that the debt set up by plaintiff was due and unpaid, and that all the funds of the estate had been turned over to their successor without reserving any to pay such debts, and asking that Tubb be required to pay it. The account also sought a settlement of their accounts

with the wards. Such notices as are usually given of guardians' accounts were given of this, but Tubb was not otherwise notified of the account nor made a party to the proceedings, nor were the wards.

The court, at the April Term, 1889, acted on the account, which account was filed by Dixon and wife in October, 1888, and approved it at the April Term, 1889, stating the account between Dixon and wife and the wards, and ordering that Tubb, as guardian, pay the debt claimed by plaintiff. There had been no previous settlement of the Dixons with the court of this guardianship, and this account and order was intended for such a settlement. The account claimed by plaintiff was made by Dixon and wife before their discharge, and known by them, but not by Tubb, to be just.

We conclude that the claims were never established against the estate of said minors in any manner required by law. The guardians had not paid the claims, and they were not consequently such claims as would come under article 2621 of the Revised Statutes, which authorizes the guardian to pay any claim against the estate of his ward which he knows to be just, without the authentication thereof. The account returned by Dixon and wife was made after their removal from the guardianship, and the claims reported by them in favor of Ash were not in any way authenticated, and the order of the court directing that they should be paid was made without notice to the guardian of said minors, and was in no way binding on him or the estate.

We see no error in the judgment of the court below, and it is affirmed.

*Affirmed.*

Delivered May 4, 1893.


Justice WILLIAMS did not sit in this case.